NOT FOR PUBLICATION

**UNITED STATES BANKRUPTCY APPELLATE PANEL**

**OF THE NINTH CIRCUIT**

| | | |
|---|---|---|
| In re: | ) | BAP No.   WW-12-1429-TaPaJu |
| | ) | |
| JESSICA SEYMOUR, | ) | Bk. No.   12-14039-TWD |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| JESSICA SEYMOUR, | ) | |
| | ) | |
| Appellant. | ) | **MEMORANDUM**[*] |
| _____ | ) | |

Submitted Without Oral Argument[1]
on July 25, 2013

Filed - August 1, 2013

Appeal from the United States Bankruptcy Court
for the Western District of Washington

Honorable Timothy W. Dore, Bankruptcy Judge, Presiding

Appearances:   Jessica Seymour, pro se, on brief.

Before:   TAYLOR, PAPPAS, and JURY, Bankruptcy Judges.

_____

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

[1] After examination of the appellant's informal brief and the record, and after notice to the appellant, the Panel unanimously determined that oral argument was not necessary for this appeal and entered an order so providing on April 18, 2013. See Fed. R. Bankr. P. 8012.

1

**INTRODUCTION**

Jessica Seymour ("Debtor") moved to revoke her chapter 7 discharge.[2] The bankruptcy court entered an order denying her motion. The Debtor appealed. We AFFIRM the bankruptcy court.

**FACTS**

The Debtor filed a pro se chapter 7 petition on April 19, 2012. On July 26, 2012, the Debtor received her bankruptcy discharge pursuant to § 727. Four days later, on August 1, 2012, the Debtor filed a motion to vacate her discharge ("Motion to Vacate"). Among other things, she asserted that she recently obtained information relating to mortgage fraud in connection with the liens against her scheduled real property. She also asserted that the bankruptcy court failed to advise her to schedule a pending (and allegedly sealed) lawsuit, the outcome of which could possibly benefit her creditors.

On August 8, 2012, the bankruptcy court entered an order denying her motion. On August 21, 2012, the Debtor filed her notice of appeal.

**JURISDICTION**

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

**ISSUE**

Did the bankruptcy court err when it denied the Debtor's Motion to Vacate?

---

[2] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

## STANDARD OF REVIEW

We review the bankruptcy court's application of procedural rules and construction of the Bankruptcy Code de novo. All Points Cap. Corp. v. Meyer (In re Meyer), 373 B.R. 84, 87 (9th Cir. BAP 2007).

## DISCUSSION

The Debtor did not identify a legal basis for revocation of discharge, either in her Motion to Vacate or on appeal.

To the extent that the Debtor sought relief under § 727(d), the Debtor lacked standing to move for such relief based on the clear language of the statute. See 11 U.S.C. § 727(d) (providing that a chapter 7 trustee, a creditor, or the United States Trustee may seek revocation of a chapter 7 debtor's discharge); In re Kirksey, 433 B.R. 46, 49 (Bankr. D. Colo. 2010) (debtor is not an approved party permitted to request revocation of discharge under § 727(d)).

To the extent that the Debtor sought relief based on the bankruptcy court's equitable powers under § 105(a), her motion also fails; § 105 cannot be a basis for her requested relief. See Disch v. Rasmussen, 417 F.3d 769, 778 (7th Cir. 2005) ("[S]uch a broad interpretation of § 105(a) would make the list of grounds for revoking a discharge found in § 727(d) meaningless; anything not in the list could come in through the back door of § 105(a)."); see also Loos v. Ayers (In re Loos), 2008 WL 8448070, at *5 (9th Cir. BAP Apr. 25, 2008) (same); Tan v. Tranche 1 (SVP-AMC), Inc. (In re Tan), 2007 WL 7541007, at *8 (9th Cir. BAP Sept. 28, 2007) (same).

We liberally construe a pro se debtor's pleadings and

3

documents.  See Nilsen v. Neilson (In re Cedar Funding, Inc.), 419 B.R. 807, 816 (9th Cir. BAP 2009).  Here, however, the Debtor presented no cognizable basis for relief.  Further, while she asserted that, due to alleged impediments purportedly beyond her control, she previously failed to discover mortgage fraud, failed to schedule certain assets, and otherwise failed to take actions, revocation of her discharge would not assist the Debtor in resolving these issues.  Revocation of the Debtor's discharge, thus, would be a futile and entirely unnecessary act.[3] Therefore, the bankruptcy court did not err in denying the Motion to Vacate.

**CONCLUSION**

Based on the foregoing, we affirm the bankruptcy court.

---

[3] Instead, the Debtor should retain her discharge and provide her chapter 7 trustee with information as to newly discovered assets or other relevant matters.  The trustee, then, can decide whether any bankruptcy related action is appropriate, and the Debtor can be assured that she fulfilled her obligations to the bankruptcy system.

4